UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEELAM UPPAL,

    Plaintiff,

v.                                        CASE NO.: 8:10-cv-2566-T-23AEP

RAJIV UPPAL, et al.,

    Defendants.
_____/

**ORDER**

Proceeding pro se, Neelam Uppal ("Uppal") files (Doc. 1) a complaint against Rajiv Uppal; New Jersey Superior Court Judge Robert A. Coogan ("Coogan"); and the Superior Court of New Jersey, Appellate Division. (Doc. 1) The defendants Robert A. Coogan and the Superior Court of New Jersey, Appellate Division (together, "the New Jersey judiciary defendants") move (Doc. 7) to dismiss for lack of personal jurisdiction, and Uppal responds (Doc. 11) in opposition.

Uppal concedes that the New Jersey judiciary defendants are not residents of Florida. See (Doc. 1 at 2) Personal jurisdiction over a non-resident defendant is available if the Florida long-arm statute authorizes jurisdiction and the exercise of jurisdiction satisfies due process. PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 807 (11th Cir. 2010); see FLA. STAT. § 48.193; Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting Int'l

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  A plaintiff must establish prima facie each element of long-arm jurisdiction over a defendant.  Stubbs v. Wyndham Nassau Resort, 447 F.3d 1357, 1360 (11th Cir. 2006).

The complaint alleges neither facts establishing that the New Jersey judicial defendants are subject to jurisdiction under the Florida long-arm statute, nor facts establishing that the New Jersey judicial defendants have contacts with Florida allowing Florida's exercise of long-arm jurisdiction consistent with due process.  Uppal's response provides no additional information; the response repeats that the New Jersey judicial defendants are located in New Jersey and asserts subject matter, but not personal, jurisdiction.  See (Doc. 11 at 2)

Lack of personal jurisdiction is not the only defect of Uppal's action.  In 2003 Uppal sued Coogan in this district and alleged the same facts – the unsatisfactory outcome of Uppal's divorce and child custody proceedings in New Jersey state court – alleged in this complaint.  See 8:03-cv-987-T-17TGW.  Four court orders in that action informed Uppal that a state judge enjoys immunity from a suit based on a judicial act.  See, e.g., 8:03-cv-987-T-17TGW, Doc. 2 (citing Stump v. Sparkman, 435 U.S. 349 (1978)).  In addition, Uppal filed two other actions in this district connected to Uppal's New Jersey divorce and child custody proceeding.  See 8:03-cv-2715-T-17MSS; 8:04-cv-1755-T-27EAJ.  Because the three earlier actions were dismissed, another action based on Coogan's judicial acts is frivolous.

The motion (Doc. 7) is **GRANTED**, and the action against the New Jersey judicial defendants is **DISMISSED** for lack of personal jurisdiction.  Because the action is repetitive, vexatious, and frivolous, Uppal is advised that another frivolous complaint

may result in sanctions, including a monetary penalty against Uppal, dismissal with prejudice, Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1091 (D.C. Cir. 1998) ("a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, . . .") (citing 9 Wright & Miller, Federal Practice and Procedure § 2369 (3d ed.)), or other punitive or remedial measures.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on June 23, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE